1   SCOTT J. WITLIN (SBN 137413)
    scott.witlin@btlaw.com
2   CAROLINE C. DICKEY (SBN 301721)
    caroline.dickey@btlaw.com
3   ROCHELLE L. CALDERON (SBN 325417)
    rochelle.calderon@btlaw.com
4   2029 Century Park East, Suite 300
    Los Angeles, California 90067
5   Telephone: (310) 284-3880
    Facsimile: (310) 284-3894
6

7   Attorneys for Defendant
    FUSION LEARNING, INC.
8

9                  **UNITED STATES DISTRICT COURT**

10             **NORTHERN DISTRICT OF CALIFORNIA**

11

12  JASON LOBATON, individually and        Case No. TBD
    on behalf of all other others similarly
13  situated;                              **DEFENDANT FUSION
                                           LEARNING, INC.'S NOTICE OF
14                Plaintiff,               REMOVAL UNDER 28 U.S.C. §§
                                           1332, 1441, 1446, AND 1453**
15       vs.
                                           **[DIVERSITY JURISDICTION]**
16  FUSION LEARNING, INC., and
17  DOES 1 through 50, inclusive,          *[Filed concurrently with Declaration of
                  Defendant.               Jennifer DeLessio, Declaration of Scott
18                                         J. Witlin, Certificate of Conflicts and
                                           Interested Entities or Persons, and Civil
19                                         Cover Sheet]*

20                                         Complaint Filed:   January 16, 2024
                                           Trial Date:        None Set
21                                         District Judge:    Hon. TBD
                                           Magistrate Judge:  Hon. TBD
22

23

24

25

26

27

28

41632798.3
─────────────────────────────────────────────
DEFENDANT FUSION LEARNING, INC.'S NOTICE OF REMOVAL

1 **TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN**
2 **DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS COUNSEL OF**
3 **RECORD:**

4    **PLEASE TAKE NOTICE THAT** Defendant Fusion Learning, Inc. ("Fusion")
5 hereby removes this action from the Superior Court of the State of California for the
6 County of San Francisco  to the United States District Court for the Northern District of
7 California pursuant to 28 U.S.C. sections 1332, 1441, 1446, and 1453 for the reasons set
8 forth below.

9 **I.    THE STATE COURT ACTION**

10    1.    On January 16, 2024, Lobaton filed an action against Defendant entitled
11 "*Jason Lobaton, individually and on behalf of all others similarly situated; Plaintiff, vs.*
12 *Fusion Learning, Inc., and Does 1 through 50, inclusive, Defendant*" in San Francisco
13 Superior Court, Case Number CGC-24-611664. A true and correct copy of the Complaint
14 is attached as **Exhibit A** to the Declaration of Scott J. Witlin ("Witlin Decl."), ¶ 4.

15    2.    In the Complaint, Lobaton alleges the following causes of action: (1) Unpaid
16 Minimum Wage; (2) Unpaid Overtime Wages; (3) Unpaid Meal Premiums; (4) Unpaid
17 Rest Premiums; (5) Untimely Payment of Final Wages; (6) Untimely Payment of Wages;
18 (7) Non-Compliant Wage Statements; (8) Failure to Keep Requisite Records; (9)
19 Unreimbursed Business Expenses; and (10) Violation of Business & Professions Code
20 §17200 seq. *See* **Exhibit A**, Witlin Decl., ¶ 4.

21    3.    Lobaton served Fusion by personal service on January 18, 2024. *See* **Exhibit**
22 **B,** Witlin Decl., ¶ 4.

23 **II.    REMOVAL IS TIMELY**

24    4.    Service of a summons and complaint by personal service is complete at the
25 time it is served. Code Civ. Pro. § 415.10. A defendant in a civil action has thirty days
26 from the date that service of the summons and complaint is complete to remove the action
27 to federal court. 28 U.S.C. § 1446(b).

28 / / /

41632798.3

1

DEFENDANT FUSION LEARNING, INC.'S NOTICE OF REMOVAL

5.      As set forth above, Lobaton served the Summons and Complaint on Fusion by personal service on January 18, 2024. Since Fusion filed this removal within thirty days of January 18, 2024, removal is timely.

## III.   JURISDICTION

## COMPLETE DIVERSITY AND CAFA EXIST BETWEEN THE PARTIES

6.      The Court has original jurisdiction over this civil action pursuant to 28 USC section 1332(a) as the case involves citizens of different states and the amount in controversy, exclusive of costs and interest, exceeds $75,000.

7.      The Court also has original jurisdiction over this civil action pursuant to the Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2 (enacted Feb. 18, 2005) (codified at 28 U.S.C. sections 1332, 1453, and 1711-1715), as: (1) it involves 100 or more potential class members; (2) any class member is a citizen of a state different from any Defendant; and (3) the aggregate amount-in-controversy exceeds $5,000,000.00, exclusive of costs and interest. 28 U.S.C. §§ 1332(d)(2), (d)(6), and (d)(11)(B)(i).

8.      Removal is proper under 28 U.S.C. section 1441(a) because a district court of the United States would have had original jurisdiction over this civil action on the basis of traditional diversity jurisdiction and CAFA jurisdiction had the Complaint originally been brought in federal court.

### A.    Class Size

9.  Plaintiff proposes a putative classes, generally consisting of all of "All current and former hourly-paid employees of Defendants within the State of California" employed "at any time during the period from four years plus 178 days for Covid Tolling." Complaint, ¶ 52.

10. Fusion has employed approximately 1,465 non-exempt employees in California from April 14, 2018 to present. Declaration of Jennifer DeLessio ("DeLessio" Decl."), ¶ 12. Between January 2020 and January 2024, Fusion employed an average of approximately 465 employees. in California. *See* DeLessio Decl., ¶ 13. Currently, Fusion employs approximately 612 non-exempt employees in California. DeLessio Decl., ¶ 14.

DEFENDANT FUSION LEARNING, INC.'S NOTICE OF REMOVAL

1    For purposes of removal jurisdiction pursuant to CAFA, there are well over 100 members

2    in the proposed class.

### B.    Citizenship of the Parties

4    11.    For removal purposes, if a party is a corporation, it is a citizen of both its

5    state of incorporation and the state where its principal place of business is located. 28

6    U.S.C. § 1332(c)(1).

7    12.    A corporation's "'principal place of business' [as contained in section

8    1332(c)] is best read as referring to the place where a corporation's officers direct, control,

9    and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010).

10    This is typically the place where the corporation "maintains its headquarters — provided

11    that the headquarters is the actual center of direction, control, and coordination." *Id.*

12    13.    Fusion is a Delaware corporation with its principal place of business in Grand

13    Rapids, Michigan. DeLessio Decl., ¶¶ 5-6. Therefore, Fusion is a citizen of both Delaware

14    and Michigan.

15    14.    For removal purposes, a natural person is a citizen of the state in which he or

16    she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).

17    A person's domicile is the place he or she resides with the intention to remain or to which

18    he or she intends to return. *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir.

19    2001).

20    15.    Lobaton pleads that he is, and at all times relevant to this action was, a

21    resident of California with his principal place of residence in California. *See* Compl., ¶ 6

22    ("Plaintiff is an individual residing in the State of California."). Lobaton's domicile in

23    California is further established by his personnel file, which shows that: (a) Lobaton

24    resided in South San Francisco, California at the time he applied for employment in or

25    around October of 2017; (b) Lobaton resided in South San Francisco, California

26    throughout his employment; and (c) Lobaton's last known address indicates he resided in

27    Daly City, California at the time his employment with Fusion ended on October 12, 2021.

28    *See* DeLessio Decl., ¶ 7; *see also Heinz v. Havelock*, 757 F.Supp. 1076, 1079 (C.D. Cal.

1  1991 (so long as a plaintiff has not completed a move to another state, the plaintiff's

2  domicile remains at the place of his or her last residence at the time a suit was filed).

3  Therefore, Lobaton is a citizen of California.

4    16.    At a minimum because Lobaton is a not a citizen of either Michigan or

5  Delaware, and Fusion is a citizen of Delaware and Michigan, complete diversity exists for

6  the purposes of 28 USC section 1332(a).

7    17.    Moreover, because Lobaton also seeks to represent a class of "[a]ll current

8  and former hourly-paid or non-exempt employees of Defendants within the State of

9  California at any time during the period from four years plus 178 days for Covid Tolling

10  pursuant to Emergency Rule 9 prior to the filing of this Complaint to final judgment.

11  Complaint ¶ 52, the vast majority of the members of the putative class are citizens of

12  California, sufficient diversity exists for the purpose 28 USC section 1332(d).

13    18.    Indeed, there is currently pending another class action involving substantially

14  the same putative class and the same claims. *Kevin Murphy, on behalf of himself and all*

15  *others similarly situated, Plaintiff, vs. Fusion Learning, Inc. et al,, Defendants,* U.S.D.C.,

16  C. D. Cal., Case No. 2:22-cv-04497-JAK-AS. That case also is maintained under CAFA

17  jurisdiction.

18    **C.    Amount in Controversy – CAFA Jurisdiction**

19    19.    "The notice of removal may assert the amount in controversy if the initial

20  pleading seeks: (i) nonmonetary relief; or (ii) a money judgment, but the State practice

21  either does not permit demand for a specific sum or permits recovery of damages in excess

22  of the amount demanded." 28 U.S.C. § 1446(c)(2)(A). "[W]hen a defendant seeks federal-

23  court adjudication, the defendant's amount-in-controversy allegation should be accepted

24  when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin*

25  *Operating Co., LLC v. Owens,* 135 S.Ct. 547, 553 (2014). If the plaintiff or the court

26  questions a defendant's amount in controversy allegation, removal is proper where the

27  "district court finds, by the preponderance of the evidence, that the amount in controversy

28  exceeds" the jurisdictional threshold. 28 U.S.C. § 1446(c)(2)(B).

41632798.3                                    4

20.     "Under [the preponderance of the evidence] burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the required] amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). This "burden is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiffs' claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1204–05 (E.D. Cal. 2008) (internal quotations omitted) (emphasis in original); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("[T]he parties need not predict the trier of fact's eventual award with one hundred percent accuracy.").

21.     In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is, therefore, what amount is put "in controversy" by the plaintiff's complaint or other papers, not what the defendant will actually owe for the actual number of violations that occurred, if any. Korn, supra, 536 F.Supp.2d, at 1204–05. The jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees and punitive damages. Simmons v. PCR Tech., 209 F.Supp.2d 1029, 1031 (N.D. Cal. 2002).

22.     Because the Complaint in this action fails to plead a specific amount of damages, and the amount of damages is vague and ambiguous, Lobaton only needs to show that the amount-in-controversy requirement has been met for subject matter jurisdiction (diversity and CAFA) by a preponderance of evidence. 28 U.S.C. §§ 1446(c)(2) and 1453 (applying section 1446 to CAFA). The calculations for the amount-in-controversy required for removal under diversity and CAFA jurisdiction are detailed below. Fusion asserts that no amounts are owed to Lobaton or the putative class.

23.     <u>Unpaid Minimum Wages</u>: Lobaton claims that Defendant "failed to compensate [him] for all hours worked and missed meal periods" and "required [him] and the other class members to perform class planning, attend meetings with faculty, meetings

with parents and students, review student work, communicate with parents, attend school events and other duties relating to teaching off-the-clock." Compl., ¶¶ 15, 24. The damages for failure to pay minimum wage are double the minimum wage owed. Cal. Lab. Code §§ 1194, 1194.2. For California employers with more than 26 employees, California's minimum wage was $12 per hour in 2019, $13 per hour in 2020, and $14 per hour in 2021. (State of California, Dept. Industrial Relations, Minimum Wage, at https://www.dir.ca.gov/dlse/FAQ_MinimumWage.htm.) Conservatively estimating "regularly" as failing to pay minimum wage for eight hours per month, Lobaton's damages for minimum wage violations would be **$3,096** ((4 hours x $12 = $48 for 2019) + (96 hours x $13 = $1,248 for 2020) + (18 hours x $14 = $252 for 2021) x 2).

Lobaton seeks unpaid minimum wages for himself and each member of the potential class. Compl., ¶¶ 56-61. If it is assumed that Fusion failed to pay one hour of time worked per workweek worked by a putative class member, using approximately 233 workweeks per putative class member and the average minimum wage in effect from April 2018 through present ($13.00 per hour), this puts the amount in controversy for unpaid minimum wages at $2,816,970 ($13 per hour x 1 hour per workweek x 233 workweeks x 465 = $1,408,485 + $1,408,485 (same amount in liquidated damages)).

24.    Unpaid Overtime Wages: Lobaton alleges that Defendant failed to pay legally required overtime and double time wages in violation of California Labor Code sections 510 and 1198 and the applicable Wage Orders. Compl., ¶¶ 62-70, 64. Labor Code section 510 provides that employees are entitled to one and one-half times their regular pay for working more than eight hours in one day or more than forty hours in one week. Employees are entitled to double pay for work in excess of twelve hours in one day or work in excess of eight hours on the seventh day of a work week. *Id*. An employee bringing a private cause of action may recover the unpaid balance of overtime due plus interest, attorneys' fees and court costs. Cal. Lab. Code § 1194.

Lobaton alleges that he "worked in excess of eight (8) hours in a day, and/or in excess of 40 hours in a week." Compl., ¶ 67 Throughout his employment, Lobaton's

DEFENDANT FUSION LEARNING, INC.'S NOTICE OF REMOVAL

regular rate of pay ranged from $28.00 to $30.60 during his employment. DeLessio Decl., ¶ 8. Thus, his overtime rate of pay was $42 ($28 x 1.5), and his double time rate of pay was $56 ($28 x 2). It is unclear what Lobaton means by "regularly," however, a conservative estimate is four hours of overtime and four hours of double time per month, which equals $392 [($42 x 4 = 168) + ($56 x 4 = 224)]. Lobaton was employed from approximately October 30, 2017 to October 12, 2021. DeLessio Decl., ¶ 8. This is approximately forty-eight months. Total overtime and double time equals **$18,816** ($392 x 48 months).

Lobaton seeks unpaid overtime wages for himself and each member of the potential class. Compl., ¶¶ 62-70. If it is assumed that Fusion failed to pay one hour of overtime worked per workweek worked by a putative class member, using approximately 233 workweeks and the lowest average hourly rate for putative class members during the class period of $28.66, and an approximate average of 465 employees at one time,[1] this puts the amount in controversy for unpaid overtime wages at $4,657,752 ($28.66 per hour x 1.5 x 233 workweeks x 465). If it is conservatively assumed that Fusion failed to pay one hour of double time worked per every four workweeks worked by a putative class member, this puts the amount in controversy for unpaid double time wages at $6,210,335 ($28.66 per hour x 2 x 233 workweeks x 465 employees). All total, this puts the total amount in controversy for unpaid overtime and double time wages at $10,868,087. This alleged violation alone puts the amount in controversy above the $5,000,000 minimum required for CAFA jurisdiction.

25. <u>Unpaid Meal and Rest Premiums</u>: Lobaton alleges that Defendant failed to provide legally required meal and rest breaks in violation of California Labor Code

---

[1] For purposes of these calculations, Fusion has estimated numbers as follows: (1) Workweeks – there were approximately 233 workweeks for the four-year period plus 178 days for Covid-19 tolling period pursuant to Emergency Rule 9 prior to the filing of Lobaton's Complaint (Witlin Declaration ¶ 6); (2) Average hourly rate – the average hourly rate on April 14, 2018 was $28.66, which is the lowest average hourly rate during the relevant time period; (3) Number of employees – the average number of California non-exempt employees from January 2020 to January 2024 is 465. DeLessio Decl., ¶¶ 13, 15.

DEFENDANT FUSION LEARNING, INC.'S NOTICE OF REMOVAL

sections 226.7 and 512(a) and the applicable Wage Orders. Compl., ¶¶ 71-81. Lobaton claims that he was required to work through their meal and rest periods and performed work during his meal periods (including second meal periods) and that he did not receive premium pay when he did so. Compl., ¶¶ 17, 21, 27, 78, 121. The damages for a missed meal period are one extra hour of pay at the employee's regular rate for each day a meal period is not provided. Cal. Lab. Code § 226.7(c). The damages for a missed rest period are also one extra hour of pay at the employee's regular rate for each day a rest period is not provided. Cal. Lab. Code § 226.7(c). October 30, 2017 (Lobaton's approximate hire date) to October 12, 2021 (Lobaton's termination date) is slightly more than 205 workweeks. Witlin Decl., ¶ 5. Conservatively estimating that Lobaton missed one meal period and one rest period per week, damages total **$11,480** [($28 x 205 weeks) + ($28 x 205 weeks)].

Lobaton alleges that Fusion failed to pay him and the putative class members with rest period premiums at the rate of one hour of pay at the regular rate for missed rest periods, and that Fusion failed to pay him and the putative class members with meal period premiums at the rate of one hour of pay at the regular rate for missed meal periods. . Compl., ¶¶ 17, 21, 27, 71-81, 121. If it is assumed that Fusion failed to provide one rest period per week for each week worked by a putative class member, this puts the amount in controversy for unpaid rest period premiums at $3,105,168 ($28.66 per hour x 233 x 465). If it is assumed that Fusion failed to provide one meal period per week for each week worked by a putative class member, this puts the amount in controversy for unpaid meal period premiums at $3,105,168 ($28.66 per hour x 233 x 465).

26.    Untimely Payment of Final Wages: Lobaton alleges that Defendant failed to pay timely wages at termination in violation of California Labor Code sections 201, and 2023. Compl., ¶¶ 91-96. If true, Lobaton would be entitled to waiting time penalties in the amount of his daily wage, for up to thirty days. Cal. Lab. Code § 203(a). Lobaton worked approximately seven and a half hours per day. DeLessio Decl., ¶ 10. Thus, Lobaton's waiting time penalties equal **$6,885** ($30.60 per hour x 7.5 hours per day x 30 days). From

DEFENDANT FUSION LEARNING, INC.'S NOTICE OF REMOVAL

April 14, 2018 to June 4, 2022, at least 305 employees left Fusion. DeLessio Decl., ¶ 17. This puts the amount in controversy for waiting time penalties at $2,097,912 ($28.66 per hour x 8 hours per day x 30 days x 305).

27.  Untimely Payment of Wages: Lobaton alleges that Defendant failed to pay timely wages during employment in violation of California Labor Code section 204. Compl., ¶¶ 97-102. He claims that the "uniform policy and systematic scheme of wage abuse against [Defendant's] hourly-paid or non-exempt employees," including failing to pay them for all regular and overtime hours worked, failing to pay them at the applicable regular rate of pay, failing to pay them for missed meal periods, and failing to pay them for missed rest breaks. Compl., ¶ 21. The penalty for failure to timely pay wages during employment is $100 for the initial violation and $200 for each subsequent violation, plus 25 percent of the amount unlawfully withheld. Cal. Lab. Code § 210(a). Lobaton's average gross earnings was approximately $7,093 per month, and approximately $170,230.95 throughout his employment. DeLessio Decl., ¶ 9. Lobaton's penalties are **$63,058** [($100 + ($200 x 102 pay periods) + (25% of $170,230.95)].

28.  Non-Compliant Wage Statements: Lobaton alleges that Defendant failed to maintain and provide accurate, itemized wage statements in violation of California Labor Code sections 226(a). Compl., ¶¶ 103-109. Lobaton claims that Defendant intentionally and willfully failed to provide [him] with complete and accurate wage statements" because of deficiencies that include the failure to include the total number of hours worked by [him] and the failure to include all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee Compl., ¶ 105. The damages for issuing an inaccurate pay stub are $50 for the first violation and $100 for each subsequent violation, up to a maximum of $4,000. Cal. Lab. Code § 226(e)(1). Lobaton's damages are therefore **$4,000** ($50 + ($100 x 50 pay periods = $5,050)).

Lobaton alleges that Fusion issued inaccurate wage statements to him and the putative class members. Compl., ¶¶ 103-109. Putative class members were paid on a bi-

DEFENDANT FUSION LEARNING, INC.'S NOTICE OF REMOVAL

weekly basis at all relevant times. DeLessio Decl., ¶ 13. Approximately 465 California employees would have worked approximately 233 workweeks each, and therefore would have received approximately 108,345 pay statements. DeLessio Decl., ¶ 13; Witlin Decl., ¶ 6. This puts the amount in controversy for failure to provide accurate wage statements at $11,918,845 (($233 x 465) + ($100 x 1,084,345)).

29. <u>Failure to Keep Requisite Records:</u> Lobaton alleges that Defendant failed to keep accurate and complete payroll records in violation of California Labor Code section 1174(d). Compl., ¶¶ 110-114. Lobaton claims that Defendant "intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid to Plaintiff and the other class members." Compl., ¶ 112. The damages for issuing an inaccurate pay stub are $50 for the first violation and $100 for each subsequent violation, up to a maximum of $4,000. Cal. Lab. Code § 226(e)(1). Lobaton's damages are therefore **$10,250** ($50 + ($100 x 102 pay periods)).

30. <u>Unreimbursed Business Expenses:</u> Lobaton alleges that Defendant failed to reimburse him for necessary business expenses in violation of California Labor Code sections 2800 and 2802. Compl., ¶¶ 115-119. Lobaton claims that he was "incurred necessary business-related expenses and costs that were not fully reimbursed. Compl., ¶ 117. Lobaton claims that he was not reimbursed for these expenses. *Id.* If Lobaton claims $50 per month for use of his cell phone, the total is $2,350 ($50 x 47 months). If he also claims $50 per month for travel and parking, another $2,450 is added ($50 x 47 months). Thus, a reasonable estimate of Lobaton's claim for failure to reimburse is **$4,700** ($2,450 x 2).

The potential damages for the alleged failure to reimburse necessary business expenses for an assumed class of 465 members would amount to $2,185,500 ($4,700 x 465).

**B.    Attorneys' Fees**

31.    Plaintiff seeks to recover attorneys' fees. Compl., ¶ 77; Prayer, ¶ 1. These may be included when determining the amount in controversy. *Fletcher v. Toro Co.*, 08-

CV-2275 DMS WMC, 2009 WL 8405058 (S.D. Cal. Feb. 3, 2009) (citing *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir.2005)) (requirement may be satisfied "by claims of . . . attorney's fees (if authorized by statute or contract)."). The Ninth Circuit has set an attorney fee benchmark for common fund cases, as a certified class action would likely be deemed, at 25 percent. *See Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989); *see also Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990) (citing to 3 Newberg on Class Actions, § 14.03, which explains that 20-30 percent is a usual range for a common fund award for attorneys' fees). Even if one were to apply the lower end of that range (20%) to the amount-in-controversy based on the above quantifiable claims, the potential attorneys' fees are approximately $4,036,423. ($20,182,119 x .20).

32.    Total. The total amount in controversy based on conservative estimates is at least $**186,285** for Plaintiff alone, and **$40,134,073** for the putative class, as categorized below.

| Damages - Individual | Amount in Controversy |
|---|---|
| Unpaid Minimum Wages Claim | $3,096+ |
| Unpaid Overtime/Double Time | $18,816+ |
| Unpaid Meal and Rest Periods Premiums | $11,480+ |
| Untimely Payment of Final Wages | $6,885+ |
| Untimely Payment of Wages | $63,058 + |
| Failure to Provide Employment Records Claim | $1,500 |
| Non-Compliant Wage Statements Claim | $4,000+ |
| Failure to Keep Requisite Records | $10,250+ |
| Failure to Reimburse Necessary Business Expenses | $4,700+ |
| Attorneys' Fees | $62,500+ |
| Total - Individual | **$186,285** |

DEFENDANT FUSION LEARNING, INC.'S NOTICE OF REMOVAL

| Damages - Class Claims | Amount in Controversy |
|---|---|
| Unpaid Minimum Wages Claim | $2,816,970+ |
| Unpaid Overtime/Double Time Claim | $10,868,087+ |
| Unpaid Meal Period Premiums Claim | $3,105,168+ |
| Unpaid Rest Period Premiums Claim | $3,105,168+ |
| Untimely Payment of Final Wages Claim | $2,097,912+ |
| Non-Compliant Wage Statements Claim | $11,918,845+ |
| Failure to Reimburse Necessary Business Expenses | $2,185,500+ |
| Attorney's fees (20% of recovery): | $4,036,423+ |
| **Total** | **$40,134,073+** |

Thus, the jurisdictional minimum amounts in controversy are established under 28 USC sections 1332(a) and (d)(2).

## V.    THE REQUIREMENTS OF 28 U.S.C. § 1446 HAVE BEEN SATISFIED

33.    In accordance with 28 U.S.C. section 1446(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending.

34.    This Court is the proper venue because it is in the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

35.    In accordance with 28 U.S.C. section 1446(a), true and correct copies of all process, pleadings and orders served upon Fusion Leaning Inc. to date in this Lawsuit are attached to the Declaration of Scott J. Witlin as **Exhibits A-B.** These are the: (A) Complaint; and (B) Proof of Service on Complaint.

36.    In accordance with 28 U.S.C. section 1446(b), Defendants' Notice of Removal was filed within thirty days after completion of the initial service on Defendants, which was on January 18, 2024.

37.    In accordance with 28 U.S.C. section 1446(d), Fusion will give written notice of the original removal of this action to Lobaton and will file a copy of that Notice with the San Francisco County Superior Court.

1
## VI. <u>CONCLUSION</u>

2   38.   Because jurisdiction is proper under 28 U.S.C. sections 1332, 1441, 1446,

3   1453, and 1711-1715, Defendants respectfully request that the Court exercise its removal

4   jurisdiction over this action.

5   39.   If this Court has any questions regarding the propriety of this Notice of

6   Removal, Fusion respectfully requests that it issue an Order to Show Cause, so that Fusion

7   may have an opportunity to address such questions.

8

9   Dated:  February 16, 2024          **BARNES & THORNBURG LLP**

10

11   By:  _/s/ Scott J. Witlin_
Scott J. Witlin
12   Caroline C. Dickey
Rochelle L. Calderon
13   Attorneys for Defendant
FUSION LEARNING, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

41632798.3                           13
DEFENDANT FUSION LEARNING, INC.'S NOTICE OF REMOVAL